Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | In Proceedings Under Chapter 13 |
| RUI FILIPE BENTO DO O', | Case No. 2-09-BK-18603-CGC |
| and | |
| JACQUELINE BENTO BENTO DO O', | **ORDER DISMISSING CASE** |
| Debtors. | |

The Trustee having notified the Court that the Debtor has failed to comply with the Trustee's Recommendation dated March 4, 2010, as required by Local Rule 2084-10(b), the Court finds cause for dismissing the case pursuant to 11 U.S.C. § 1307(c)(1). The Debtors have failed to provide the Trustee with:

Plan payments to cure default. The debtors are $4,680.74 in default.

**NOW, THEREFORE, IT IS ORDERED:**

(A) This case is dismissed and the Clerk of the Court will give notice of the dismissal to all parties in interest;

(B) A motion to reinstate the case may be granted without a hearing if the Trustee approves the proposed reinstatement order. If the Trustee does not approve of reinstatement of the case, the matter may be set for hearing upon the Debtors' motion. The Court may set a hearing on the

1  Debtors' motion to reinstate on the request of an interested party who had joined the Trustee's
2  request for dismissal;

3  (C) Pursuant to 28 U.S.C. § 586(e)(2), the Trustee shall be paid his percentage fee from all
4  payments and property received, even if the case is reinstated and converted to another chapter.
5  After payment of the Trustee's percentage fee, subject to the provisions herein, the Trustee will
6  retain the Debtors' funds pending Court approval of the payment of administrative expenses of the
7  Debtors' attorney. If the Debtors' Chapter 13 Plan contained an Application for the Payment of
8  Administrative Expenses to the Debtors' attorney and no party in interest filed an objection to the
9  Application, then the Debtors' attorney may lodge an Order approving the Application within ten
10 days after the Court enters this Dismissal Order. Alternatively, the Debtors' attorney has ten days
11 after the Court enters this Dismissal Order to file and notice out a separate fee application. The
12 Trustee is to pay from the funds on hand any adequate protection payments previously ordered by
13 the Court. If there is an insufficient amount of funds on hand to pay all allowed administrative
14 expenses and adequate protection payments, then the Trustee shall pay the administrative expenses
15 and adequate protection payment amounts pro rata. Any remaining funds will be returned to the
16 Debtors. If the Debtors' attorney fails to timely lodge such Order or file a fee application, the
17 Trustee may pay out the funds according to this Order; and

18 (D) If the Court has entered a payroll deduction order on one or both of the Debtors' wages,
19 then the Court vacates that order.

---
ORDER SIGNED AND DATED ABOVE
---

| | |
|---|---|
| 1 | A copy of the proposed Order Dismissing Case was mailed by the Chapter 13 Trustee |
| 2 | on or before the date signed below to: |
| 3 | |
| 4 | Rui Filipe Bento Do O'<br>Jacqueline Bento Bento Do O'<br>12427 W. Vernon Ave. |
| 5 | Avondale, AZ 85392 |
| 6 | Debtors |
| 7 | |
| 8 | Joseph W. Charles<br>LAW OFFICES OF JOSEPH W. CHARLES, PC. |
| 9 | PO Box 1737<br>Glendale, AZ 85311-1737 |
| 10 | |
| | Attorney for Debtors |
| 11 | |
| ... | |
| 17 | _____<br>*sanderson@ch13bk.com* |

*In re Rui Filipe Bento Do O' and Jacqueline Bento Bento Do O'*
*Case No. 2-09-BK-18603-CGC*
*Order Dismissing Case*